(Hamilton County Common Pleas, 1901.)

W. A. HICKS, trustee, v. HENRY A. LANG-HORST.

Under the bankruptcy act, a payment by an insolvent debtor to a creditor of a debt with the intent to prefer such creditor, within four months before adjudication in bankruptcy, in an action to declare such transaction void, plaintiff must prove as a substantive fact, that hte defendant had reasonable cause to believe that the firm was insolvent.

SPIEGEL, J

Plaintiff, as trustee in bankruptcy of Knost & Wilhelmy, files a petition against Henry A. Langhorst, alleging that within four months prior to the adjudication of bankruptcy against said firm, the latter paid defendant $7,367.07 upon a note made to him by them and payable on demand, with intent to prefer said defendant to the exclusion of their other creditors, when said firm was already insolvent; and that said defendant, at the time of receiving said payment, had reasonable cause to believe that said firm intended to prefer him. Counsel for defendant files a motion to require plaintiff to make his petition definite and certain, by stating whether or no the defendant, at the time of receiving payment, had reasonable cause to believe whether said firm were insolvent in the sense that the aggregate of their property, then in their possession, was not then at a fair valuation sufficient in amount to pay their debts.

The motion must be granted. Under the present act, it is not sufficient, in order to declare the transaction alleged in the petition void, that the defendant had reasonable notice to believe that said firm by said payment intended to prefer him, but as a substantive fact, plaintiff will have to prove that the defendant had reasonable cause to believe that the firm was insolvent, namely, in the language of the act, that he knew, or had reasonable cause to believe, that the assets of the firm, at a fair valuation, at the time of payment of the note, were insufficient to pay their debts. Facts which constitute the cause of, action, must, therefore, not only be proved, but also pleaded.

Motion granted.

W. A. Hicks, for plaintiff.

William Worthington, contra.